Dewey, J.
The St. of 1840, c. 87, made a material change in the jurisdiction of this court, and of the court of common pleas. Among other objects of this statute, two prominent and leading ones were, 1st, the abolishing of the right of appeal from a judgment in the court of common pleas upon matter of fact found by the jury; and 2d, to abolish the practice of removing cases from that court upon an issue in law, to this court, and, upon the same being duly transferred to this court, waiving such issue in law, and proceeding to the trial of the same upon an issue in fact. These objects were to be affected by prescribing new principles as to the future original, as well as final jurisdiction of these courts. The framers of this statute were aware of the difficulty of defining, by minute detail, all the cases falling within the jurisdiction of each court, and hence made the enactment somewhat general in its terms, and in some *423 instances, perhaps, not entirely free from doubt, for want of more particular specifications as to jurisdiction in certain cases.
The question whether this court has original jurisdiction in an action of trespass quare clausum fregit, where the plaintiff shall make oath that the matter sought to be recovered exceeds six hundred dollars, if the action be brought in the county of Suffolk, or three hundred dollars, if brought in any other county, is one that must be settled by giving a construction to the general provisions of the act, rather than upon any direct enactment as to the particular case. Now, it is quite obvious that, in relation to personal actions, the first section of this statute introduces the element of the amount in controversy, as the criterion of jurisdiction in the different courts, and gives jurisdiction to this court, if that amount exceeds the sum above named: And taking into view merely this provision of <§>1, the question would be very plain and easily settled as to the jurisdiction in actions of trespass quare clausum fregit. The difficulty arises from the exception introduced into this section, appended to the provision giving original and exclusive jurisdiction to this court in real actions, which gives such jurisdiction in all real actions, “but not including actions of trespass for breaking the plaintiff’s close.” Now, if the exception is to be considered as a distinct provision, giving exclusive jurisdiction, in such action of trespass, to the court of common pleas, then of course the subsequent provision, that “ in all other civil suits in which the damages demanded or the property claimed shall exceed in amount or value the sum of six hundred dollars, if the action be brought in the county of Suffolk, or three hundred dollars, if the action be brought in any other county,” &c. the supreme judicial court shall have original and exclusive jurisdiction, does not apply to a case like the present. But, on the other hand, if by the words “ in all other civil suits,” in the connection just referred to, the term “ other ” has reference to the general provisions of this section, giving exclusive jurisdiction to the supreme judicial court in all cases where they then had such jurisdiction, and adding to it all real actions, but does not refer to the excepted cases named in the section, then no diffi *424 culty arises from the introduction of the exception of the action of trespass quare clausum fregit into this section.
It seems to us that the introduction of the exception, as to the class of actions alluded to, was not thereby to provide as to the jurisdiction, and the proper tribunal to institute such suits, that being embraced in the more genéral provisions on the subject; but for a different object, viz. the defining of the nature of an action of trespass quare clausum fregit, and assigning it to the class- of personal actions. It had been held that, to many purposes, this action was to be treated as a real action. In the matter of costs it was so, and to some extent also in the point of the jurisdiction of the higher courts, in cases of this nature. When exclusive jurisdiction was given to the supreme judicial court in all real actions, it might, without such exception being made, have been supposed that these terms were broad enough, under our practice, to have included actions of trespass quare clausum fregit. It may therefore properly have been introduced asan explanation or declaration of the purpose of the legislature in the use of the term “ real actions ” ; and giving this effect to it, it may properly be excluded from the cases directly provided, for in the first part of <§>1 of the statute, and may well be held to have been embraced in the subsequent part of the statute, assigning the jurisdiction in all other cases, in the manner already quoted.
This view of the matter is confirmed by the language of <§> 2, giving, in express terms, original and exclusive jurisdiction to the court of common pleas in all cases of complaints for flowing land. This class of cases, it will be seen, is included in the same exception in §1 as that in reference to the action of trespass quare clausum fregit; but it was not supposed, by reason of that provision, that the original jurisdiction of it was vested exclusively in the court of common pleas ; and therefore it was specially assigned to that court, in direct terms, by section 2d.
The provisions of <§> 3 are strongly confirmatory of the view we have taken of the construction to be given to §1, giving, as the} do, full power and authority to defendants, “in all actions which shall be pending in the court of common pleas, in which the damages demanded or the property claimed shall exceed,” *425 &.c., to remove them to this court. This provision seems to be explicit, and must be held to embrace actions like the present. This 3d section, perhaps, is quite sufficient to settle the question immediately raised upon the motion to dismiss this action as improperly removed here by the defendants. But we have thought it more useful to consider the general question of the rights of plaintiffs as well as defendants; that branch of the question having also arisen in another county. Indeed, we can hardly suppose the legislature would have given the right to the defendant, at his election, to transfer the case to this court, without the existence of the correlative right of the plaintiff to institute his action originally here. Such is the course of procedure, and such are the rights of the parties, in other forms of actions; and it may reasonably be supposed to have been so intended in this. Hence this provision in § 3 strengthens our opinion as to the construction to be given to § 1. It seems to us, therefore, that the action of trespass quare clausum fregit is, as to the question of jurisdiction arising under Si. 1840, c. 87, to be considered a personal action, and that the court of common pleas will have original and exclusive jurisdiction of it to the same extent that they have in personal actions generally, and no further. It was therefore competent for the defendants to remove the action to this court.

Motion to dismiss overruled.